```
                    United States District Court
                      District of Massachusetts
_____
                               )
ANEESAH ABDULLAH and MUHOMMED  )
ABDULLAH,                      )
        Plaintiffs,            )
                               )   Civil Action No.
           v.                  )   09-10696-NMG
                               )
AMERICAN PRODUCTS COMPANY, INC.)
and PEP BOYS-MANNY MOE & JACK OF)
DELAWARE, Inc.,                )
        Defendants.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

In this product liability action originating in state court, the plaintiffs have filed a motion to remand.

## I. Background

This suit was filed in the Massachusetts Superior Court for Suffolk County on February 12, 2009. In it, plaintiff Aneesah Abdullah alleges that her minor son, plaintiff Muhommed Abdullah, sustained severe injuries on August 3, 2004, while operating a motorized vehicle known as a "Sports Cycle" that was imported and distributed by defendant American Products Company, Inc. ("APC") and sold by defendant Pep Boys-Manny Moe & Jack of Delaware ("Pep Boys"). The plaintiffs assert claims of negligence and violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

-1-

The plaintiffs served the complaint on APC on February 23, 2009, and on Pep Boys on March 31, 2009.  On April 22, 2009, Pep Boys filed an answer to the complaint along with a cross-claim against APC.  Eight days later (on the thirtieth day after it was served and without obtaining the consent of APC), Pep Boys removed the case to this Court.

In response, on May 5, 2009, the plaintiffs filed a motion to remand the case to state court.  Pep Boys promptly opposed that motion.  On June 10, 2009, counsel first filed an appearance on behalf of APC and on June 23, 2009, APC filed an assented-to motion to file an opposition to the motion to remand (with a proposed opposition attached as an exhibit thereto).  In that proposed opposition, APC informed the Court of its consent to removal.  The pending motion to remand is addressed below.

## II. **Legal Analysis**

### A.   **Legal Standard**

After a case has been filed in state court, a party desiring to remove the case to federal court must follow the procedure set forth in 28 U.S.C. § 1446 (and relevant caselaw).  That procedure requires the removing party to file a notice of removal in the appropriate federal district court within 30 days of being served with a complaint.  See 28 U.S.C. § 1446(a)-(b); Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999).  In cases involving multiple defendants, pursuant to the "rule of

unanimity," all defendants must consent to removal. Chi., Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900); Garside v. Osco Drug, Inc., 702 F. Supp. 19, 21 (D. Mass. 1988).

Two divergent views have arisen with respect to the 30-day window for removal as applied to multi-defendant cases. Under the traditional, "first-served defendant" approach, as soon as one defendant is served, all defendants have 30 days either to remove the case or to consent to removal, regardless of when the remaining defendants are served. See Gorman v. Abbott Labs., 629 F. Supp. 1196, 1201 (D.R.I. 1986). That approach can produce the harsh result of entirely foreclosing the option of removal from all defendants when the first-served defendant sleeps on his or her right to remove for 30 days.

Consequently, the "fairness," or "last-served defendant," approach has emerged to ensure that all qualified defendants have the opportunity to try to remove a case to federal court. Under that approach, removal may be effectuated when notice of removal is filed with the consent of all defendants within 30 days of service of process on the last-served defendant. See Garside by Garside v. Osco Drug, Inc., 702 F. Supp. 19, 22 (D. Mass. 1988). The First Circuit Court of Appeals has not yet endorsed either approach.

**B.   Application**

In their motion to remand, the plaintiffs assert that

removal was invalid because, pursuant to the "first-served defendant" approach, APC failed to consent to removal within 30 days of being served. Pep Boys responds that, pursuant to the "fairness" approach, it had 30 days from when it was served to obtain the consent of APC and that, despite numerous attempts, it was unable to confer with APC during that time-frame. APC, for its part, adds that it failed to obtain counsel before Pep Boys' 30-day window expired. Pep Boys and APC both argue that the rule of unanimity serves to protect defendants who do not want to venture into federal court, not plaintiffs. Because APC has now consented to removal, there is no longer a lack of unanimity and, according to the defendants, their earlier noncompliance should not be held against them.

Even if the Court were to adopt the more lenient "fairness" approach, APC's assent to removal almost three months after Pep Boys was served (and more than two weeks after counsel filed a notice of appearance on its behalf) was untimely and, therefore, removal was invalid. See In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 190, 194 (D. Mass. 2004) (finding that, even under the "last-served defendant" approach, "the case must be remanded because not all defendants ha[d] consented to [a last-served defendant's] removal petition within thirty days"); Murphy v. Newell Operating Co., 245 F. Supp. 2d 316, 319 (D. Mass. 2003) (remanding a case where the "failure [of the first-

served defendant] to file its assent to removal within thirty days of [the last-served defendant's] having been served renders such assent ineffective"). Failure to retain counsel does not excuse untimely consent. See Murphy, 245 F. Supp. 2d at 318-19 (finding that a party's replacement of counsel during the course of litigation did not excuse late consent to removal).

The adoption of the "fairness" approach is designed to apply the 30-day restriction to the last service of process on a defendant and, although it excuses earlier-served defendants from having to consent to removal within 30 days of being served, it does not afford them license to consent whenever they please. Rather, all defendants must consent within the same 30-day window. Moreover, the policy behind the 30-day restriction is "to relieve plaintiffs of lingering uncertainty concerning the forum in which the case will proceed," DiChiara v. RDM Techs., No. 08-11411, 2009 WL 1351640, at *3 (D. Mass. Jan 13, 2009), and that policy can only be served if the 30-day time limit is reasonably enforced. Because APC failed to consent to removal within 30 days of service of process upon Pep Boys, even the "fairness" approach is unavailing to the defendants and this case will be remanded to state court.

In light of the Court's ruling, it declines to address the other arguments presented by the plaintiffs in support of their motion to remand.

**ORDER**

In accordance with the foregoing, the plaintiffs' motion to remand (Docket No. 3) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 15, 2009